FANNIE COULTER, Admx., Defendant in Error, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Plaintiff in Error.

*Opinion filed June 16, 1914—Rehearing denied October 7, 1914.*

1. NEGLIGENCE—*degree of care to be exercised by a street car conductor at railroad crossing.* A street car conductor is not required to exercise a higher degree of care for his own safety than is required for the protection of his passengers while operating his car over a dangerous railroad crossing.

2. SAME—*a street car conductor is not required to know absolutely that no train is coming.* Even though there is a city ordinance requiring a street car conductor, before permitting his car to cross railroad tracks in a street, to go upon the crossing "and ascertain that no train or car is approaching," it is not the absolute duty of the conductor to know positively that no train or car is approaching, regardless of the particular conditions prevailing at the time.

3. SAME—*when question of street car conductor's contributory negligence is a question of fact.* Whether a street car conductor was guilty of contributory negligence is a question of fact for the jury, where the evidence shows that he went ahead of his car across part of the railroad tracks at the crossing before signaling the car to come ahead; that the night was dark and drizzly; that there were no lights at the crossing and none on the backing string of coal cars, which were approaching rapidly and without warning, and which struck the street car before it cleared the tracks, overturning it upon the conductor and killing him.

4. SAME—*when question whether violation of a rule was contributory negligence is one of fact.* Whether the violation of a rule requiring a street car conductor to walk ahead of his car across all of the railroad tracks was contributory negligence is a question of fact for the jury, where it appears that he walked ahead of the car across part of the tracks until the motorman put on all the power in an attempt to cross the fourth track ahead of a rapidly backing string of coal cars, which the darkness of the night and the absence of lights had concealed, and which struck the street car and overturned it upon the conductor.

5. INSTRUCTIONS—*when omission of the word "preponderance" does not render instruction erroneous.* An instruction which deals with the subject of assessing the plaintiff's damages if the jury believe, "from the evidence," that she is entitled to recover, is not erroneous in omitting the word "preponderance," where other in-

structions require the plaintiff to prove her case by a preponderance of the evidence.

6. SAME—*when instruction will not be deemed to apply to a withdrawn count.* An instruction relating to the assessing of the plaintiff's damages if the jury believe, from the evidence, the defendant is guilty "in any one or more counts of the declaration or in the entire declaration," will not be held to authorize the jury to consider a count which the court has expressly instructed them not to consider, as it was no longer before them.

7. SAME—*what does not give undue weight to an instruction.* The fact that an instruction begins with the recital that "Of its own motion the court instructs the jury," does not give the instruction undue weight.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding.

HUGH CREA, and HUGH W. HOUSUM, (JOHN G. DRENNAN, of counsel,) for plaintiff in error.

WHITLEY, FITZGERALD & MCLAUGHLIN, for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This case was removed to this court by a *certiorari* directed to the Appellate Court for the Third District. Defendant in error, as administratrix of her deceased husband's estate, brought an action in the circuit court of Macon county and recovered a judgment for $10,000 damages for the alleged negligent killing of her husband, James B. Coulter. The Appellate Court for the Third District required a *remittitur* of $3000 and affirmed the judgment for $7000.

Plaintiff in error owned and operated a line of railway through the city of Decatur, with five tracks running north and south across Wood street and one track extending to Wood street. These tracks are described by numbers, from

1 to 6, from the west toward the east. The railroad right of way at Wood street is two hundred feet wide. The street car company by which defendant in error's intestate was employed as a conductor, operated a line of street railway in Wood street. About eight o'clock in the evening of November 4, 1910, defendant in error's intestate had charge of a street car running west on Wood street. The street car was stopped a short distance before track No. 6 of the Illinois Central railroad was reached. The deceased conductor got off of his car and walked west, crossing tracks Nos. 6, 5 and 4. While he was between tracks Nos. 4 and 3, near the rails of track No. 4, he signaled to the motorman upon the street car to cross the tracks, giving the usual signal to indicate that the crossing was clear. The motorman started the car in obedience to the signal received, and the conductor remained standing near the north rail of the street car line to await the coming of his car. As the street car approached track No. 4 the motorman discovered a string of coal cars on track No. 3 being pushed across Wood street. Not having time to stop his car and avoid a collision the motorman threw on all of his power for the purpose of trying to get his car over track No. 3 before a collision would occur. The coal cars struck the street car about the third window from its front end, and the impact threw it from the track and pushed it north twenty-five or thirty feet. The street car was thrown over upon its side and caught defendant in error's intestate under it and so injured him that he died in a short time thereafter. Neither the motorman nor any of the passengers were injured. The string of cars that collided with the street car consisted of sixteen coal cars which were being pushed by an engine on track No. 5. Track No. 5 was connected with track No. 3 by a switch a short distance south of Wood street. This explains how the engine was on track No. 5 and a portion of the cut of cars being pushed were on track No. 3.

The original declaration consisted of four counts, and two additional counts were afterwards filed, known as the first and second additional counts. The first original count charged that the plaintiff in error negligently and suddenly caused the cars to be backed up at a high and dangerous rate of speed without any warning to defendant in error's intestate or to persons in charge of the street car at said crossing. The second count charged a violation of the statute requiring the railroad company to have a good and sufficient brake attached to the rear or hindmost car of the train and to have a trusty and skillful brakeman standing upon said car, and to have brakes upon the car efficiently operated by power applied from the locomotive. The jury were instructed to disregard the second count, and, since there are no cross-errors assigned, no further attention need be paid to this count. The third count charged the violation of an ordinance of the city of Decatur requiring every locomotive engine, railroad car or train of cars running in the night time to have, and keep while so running, a brilliant and conspicuous light upon the front end, and, while backing, a brilliant and conspicuous light on the rear end of such locomotive, car or train of cars. The negligence set out in the fourth count is the alleged violation of an ordinance of the city of Decatur which provides that a bell shall be constantly rung upon every locomotive engine while the same is in motion in the city of Decatur, and that a locomotive shall not be started without first sounding the whistle or ringing the bell, and that the deceased was injured as a result of the failure to comply with this ordinance. The first additional count charged a violation of the statute in regard to ringing a bell or blowing a whistle within eighty rods of a street crossing, and charged that plaintiff in error did not keep a whistle blowing or a bell ringing, as required by the statute, until the crossing was reached. The second additional count charged that the railroad company suddenly and negligently and without warn-

264 — 27

ing switched and backed the train of cars against said street car at a high and dangerous rate of speed, without having any light or illumination of any kind upon the rear or hindmost car or cars of said train and without any signal or warning whatever, and that it was a dark, cloudy and foggy night.

Plaintiff in error insists upon a reversal for the following reasons: (1) Because the court below erred in refusing to direct a verdict for the railroad company on the ground that defendant in error's intestate was guilty of contributory negligence as a matter of law; (2) because the trial court erred in its rulings upon the evidence; (3) because of alleged misconduct upon the part of counsel for defendant in error; and (4) because of errors committed in the giving and refusal of instructions.

The servants of plaintiff in error in charge of the cut of cars were clearly guilty of negligence. The evidence is not disputed that this cut of coal cars was being backed onto the street crossing on a dark, foggy night without any light on the rear car and without a brakeman thereon. There is no proof that a bell was being rung or whistle sounded. The negligence charged in the declaration is not seriously controverted.

The first contention of plaintiff in error is that defendant in error's intestate was guilty of contributory negligence as a matter of law, and that the trial court erred in not directing a verdict for that reason. If we may judge from the amount of space devoted to a discussion of this question in the brief of plaintiff in error as compared to that devoted to other questions, we would be justified in concluding that plaintiff in error regards this as the paramount issue involved. Regarding defendant in error's intestate merely as a traveler crossing the tracks of the railroad company, it could not be seriously contended that his failure to observe the approach of the cut of cars was, under the circumstances, contributory negligence on his part.

The evidence shows that the night on which the accident occurred was very dark, misty and foggy; that there were cars standing on some of the tracks near the crossing, which had a tendency to make the crossing darker than it otherwise would have been; that there were no lights burning at the crossing, except two small lights some distance away at the gas works, and these did not light the tracks of the railroad to any perceptible extent except directly north of the crossing; that there was no light on any of the cars that were being backed. There, was a light on both ends of the engine, but the engine was eight hundred feet away, on track No. 5. There was no signal or warning of any kind given at the crossing. Defendant in error's intestate went onto the railroad tracks at the crossing for the purpose of ascertaining whether the crossing was clear, and it was his duty to use his senses in endeavoring to discover whether there were any cars or train approaching, and it is to be presumed that he discharged this duty,—in other words, that he did look in both directions before signaling the motorman to come on. This presumption is strengthened by the evidence, which tends to prove that the conductor looked both north and south before he told the motorman to come on. It could not be reasonably contended that the deceased was guilty of contributory negligence unless he was required to use a higher degree of care than is required of pedestrians in crossing railroad tracks on a public street or highway. Plaintiff in error contends that by reason of special circumstances hereinafter stated the deceased was required to do something more than would be required of an ordinary pedestrian crossing such railroad tracks for his own convenience.

An ordinance was in force in the city of Decatur at the time of this accident which, among other things, contained the following provision: "At all railway crossings where watchmen are not located or other sufficient signals operated to designate the approach of trains or cars, all

cars used by said company shall stop at least ten feet before passing over a railway crossing, and the person or persons in charge of said car shall go upon such railway crossing and ascertain that no train or car is approaching and that there is no visible danger in running said car over such railway crossing."

It is argued on behalf of the plaintiff in error that this ordinance required the conductor to absolutely know, before flagging his train over the crossing, that there was no danger from approaching trains, and it is insisted that the happening of the collision is conclusive evidence either that the conductor failed to ascertain and know of the approaching train, or if he did know of its approach that he was guilty of negligence in signaling the motorman to attempt to make the crossing. While the conductor of a street car owes a very high degree of care to his passengers in the operation of his car over dangerous railroad crossings, still we are of the opinion that it ought not to be held, even under this ordinance, that the street car company is an absolute insurer of the safety of passengers against possible danger from collision. The rule in regard to the duty of the carrier to its passengers is, that it must exercise the highest degree of care consistent with the mode of conveyance adopted and the practical operation of the business. (*Ratner* v. *Chicago City Railway Co.* 233 Ill. 169; *Pell* v. *Joliet, Plainfield and Aurora Railroad Co.* 238 id. 510; *Barker* v. *Chicago, Peoria and St. Louis Railway Co.* 243 id. 482.) Defendant in error's intestate was not required to exercise a higher degree of care for his own safety than he would be expected to exercise to protect his passengers. If a passenger had been injured in this collision and the question of the negligence of the street car company were in issue, it could not be determined, as a matter of law, that the street car company was guilty of negligence unless it were held to be an insurer of the safety of passengers from the danger of collision at this railroad crossing. The

street car company is not, as we have seen, an insurer of the safety of its passengers, generally, and if such duty exists in the case at bar it is by reason of the ordinance relied on.

Plaintiff in error lays stress upon the use of the word "ascertain" in this ordinance, and argues that the use of that word imposes the absolute duty upon the conductor to know, before attempting to make the crossing, that no train or car is approaching. We cannot lend our assent to this construction of the ordinance. The language employed should have a reasonable interpretation and be so construed as to make it possible to comply with its terms. The ordinance, fairly construed, does not lay a higher duty upon the street car company than that required of carriers of passengers by the common law. In the absence of an ordinance the street railway company would be required to stop its cars before attempting to cross railroad tracks and to use the highest degree of care consistent with the operation of its cars to ascertain whether it was safe to attempt to make the crossing, and the ordinance under consideration did not require any higher degree of care. If a street car is stopped before a crossing is reached and the conductor goes ahead upon the crossing and in good faith uses his senses to ascertain whether there is any train or car approaching, and nothing can be seen or heard to indicate that a car or train is approaching, and he thereupon signals the motorman to go ahead, we cannot see how the street car company could be expected to do anything more. To hold that the conductor must see that which is invisible by reason of darkness is to impose a duty that is impossible of performance. Under the evidence in this record the question whether defendant in error's intestate was guilty of contributory negligence was a question of fact to be determined by the jury and not one of law for the court.

Plaintiff in error also introduced in evidence a rule of the street car company, the alleged violation of which is

relied on as establishing the contributory negligence of defendant in error's intestate as a matter of law. The rule relied upon required the conductor to stop his car not nearer than twenty-five feet from a steam railroad track and to go ahead of the car onto the steam railway tracks and look both ways before giving a signal to start, and required the conductor to get on his car on the rear platform after the railroad tracks had been crossed. The evidence does not show that this rule was violated in any material respect. The street car was stopped about ten feet from the sixth track of plaintiff in error, while the rule requires that the car should be stopped not nearer than twenty-five feet. The violation of the rule in this respect had nothing to do with the collision.

It is argued that the rule required the conductor to go ahead of his car and cross all of the railroad tracks and to get upon his car at the rear end after it had cleared the crossing. There is no evidence as to when the deceased intended to get upon his car. He had gone onto the railroad tracks and looked both ways and signaled the motorman to go forward. The clear inference from the evidence is that the conductor was in front of his car until the motorman discovered the approaching train and applied all of his power in an effort to get over track No. 3 and avoid the collision, and that it was the accelerated motion of the street car that placed the deceased on the north side of the car instead of in front. But even if the rule was violated by the deceased, whether such violation amounted to contributory negligence was a question of fact for the jury. The views herein expressed in discussing both the ordinance and the rule of the street car company find support in *Philip* v. *Heraty,* 135 Mich. 446, (97 N. W. Rep. 963,) and *Lake Shore and Michigan Southern Railway Co.* v. *Parker,* 131 Ill. 557.

The complaints of plaintiff in error in regard to the rulings of the court upon the exclusion of certain evidence

that was offered are not of such importance as to require discussion. There was no error committed in this regard. The same observation may properly be made with respect to the alleged misconduct on the part of counsel for defendant in error.

Plaintiff in error insists that the court erred in giving instruction No. 21. This instruction relates to the question of damages. The criticism made upon the instruction is against the first clause of it, which is as follows: "If you believe, from the evidence in this case, that the defendant is guilty as charged in any one or more counts of the declaration or in the entire declaration, and that under the instructions of the court she is entitled to recover, then it will be the duty of the jury to assess the plaintiff's damages." It is contended that the use of the words "from the evidence in this case," instead of the "preponderance" of the evidence, renders this instruction erroneous. By the fifth and sixth instructions given on behalf of plaintiff in error the jury were instructed that the burden of proof was upon defendant in error to establish her case by a preponderance of the evidence. This court has frequently had objections of the kind here made to this instruction urged upon its attention, and as far back as *Belden* v. *Woodmansee,* 81 Ill. 25, it was held that an instruction commencing, "If you believe," omitting all reference to the evidence, is not erroneous, where in other parts of the same instruction, or in other instructions, it clearly appeared that the jury had been instructed that their belief must be founded upon the preponderance of the evidence; and the same or similar objections have been overruled in other later cases. *Cunningham* v. *Stein,* 109 Ill. 375; *Decatur Cereal Mill Co.* v. *Gogerty,* 180 id. 197; *Chicago and Eastern Illinois Railroad Co.* v. *Mochell,* 193 id. 208.

It is further contended by plaintiff in error that this instruction is erroneous in that it refers to the declaration, when the second count of the declaration was withdrawn

from the consideration of the jury. This argument is based on the assumption that the jury would understand the reference to the declaration as including the withdrawn count as well as the others. The court had in other instructions expressly directed the jury that the second count of the declaration was not to be considered and advised them that that count was no longer before them. The precise criticism here made on this instruction was urged in the case of *Sandy* v. *Lake Street Elevated Railroad Co.* 235 Ill. 194, and it was there decided that where the jury were instructed as to the counts in the declaration to be considered, a reference to the declaration in other instructions could not reasonably be said to be applied by the jurors to such counts in the declaration as had been withdrawn from their consideration. See, also, *West Chicago Street Railroad Co.* v. *Buckley,* 200 Ill. 260.

Instruction No. 7 given for defendant in error is also criticised for the same reason last considered above in respect to instruction No. 21. What has already been said is a sufficient answer to the complaint alleged against instruction No. 7.

Complaint is also made of other instructions given on behalf of defendant in error and also of the refusal of some of the instructions offered by plaintiff in error. We find no error in any of these rulings. The jury were fully instructed on behalf of plaintiff in error in the thirteen instructions given on its behalf.

The court of its own motion gave the jury an instruction, the only complaint against which is that the instruction shows it was given by the court. The instruction, in its commencement, recites, "of its own motion the court instructs the jury," etc. The instructions are all the court's instructions. The words "of its own motion," while unnecessary, neither add to nor detract from the force and effect of the instruction. Counsel seem to have the impression that these words would give some additional weight

to the instruction. If the instruction be correct,—and it is not insisted that it is not,—we do not see how the jury could give more weight to the instruction than it was entitled to.

We find no error in this record for which this judgment should be reversed. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*