of the elevator was being tested, that the deceased was present and knew such test was being made, and that while the final test was being made by raising the elevator a short distance, the deceased, at a time not expected and in an unexpected manner, attempted to enter the elevator.

2. APPEAL AND ERROR, § 842*—*necessity of certificate of judge to additional bill of exceptions.* An additional bill of exceptions cannot be considered as such where it does not contain a certificate of the judge.

---

Frank Stoecker, Appellant, v. J. E. Thoren, Appellee.

Gen. No. 19,893.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed November 19, 1914.

## Statement of the Case.

Action by Frank Stoecker against J. E. Thoren to recover a sum paid by plaintiff towards the satisfaction of a judgment recovered against both plaintiff and defendant in a suit for personal injuries, and also the amount paid by an insurance company in plaintiff's behalf under an insurance contract. The court found the issues against plaintiff and entered judgment against him for costs. To reverse the judgment, plaintiff appeals.

It appeared that prior to this suit an action was brought by one Ludwik Kowalski against plaintiff and defendant for damages resulting from personal injuries sustained by him by falling into an unguarded excavation on certain premises, that a judgment was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

recovered against Stoecker and Thoren for twenty-two hundred dollars and costs, and that plaintiff and defendant each paid one-half thereof and Kowalski executed a release running to both.

FREDERICK K. WARNE, for appellant.

RINGQUIST & WILLIAMS, for appellee; GURDON WILLIAMS, of counsel.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 471*—*when res adjudicata on question whether codefendant was an independent contractor.* A judgment against two defendants jointly in an action for personal injuries resulting from plaintiff falling into an excavation on certain premises, *held res adjudicata* on the question whether one of said defendants was an independent contractor having exclusive control of the premises, where the acts of negligence were charged against both defendants and the declaration contained the allegations that they were in joint possession of the premises at the time of the accident.

2. INDEMNITY, § 14*—*what does not show implied contract of.* Where a mason contractor at the request of a general building contractor procured another to do excavating work and afterwards was requested to submit bids for the mason and brick work and a definite figure was arrived at as to the contract price including the excavation done, *held* that the conversations of the parties and the acts done pursuant thereto were not in the nature of an implied agreement on the part of the mason contractor to indemnify the building contractor against liability for injuries sustained by third persons on account of the condition of the premises, it appearing that the mason contractor, in procuring the excavation work acted as agent of the building contractor, and that there was no absolute agreement that the mason contractor was to have the contract for the brick and mason work.

3. INDEMNITY, § 11*—*when does not cover liabilities existing before execution of contract.* A contract between a mason contractor and a building contractor containing a provision that: "It is further agreed the second party shall not in any manner be answerable or accountable for any loss or damage arising from negligence or carelessness of the first party to any person or persons and their prop-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

erty," *held* not to constitute a contract to indemnify the building contractor against liability for injuries resulting to a third person by falling into an unguarded excavation on the premises before the contract was signed.

## Carrie M. Herr, Appellee, v. Chicago, Rock Island & Pacific Railway Company, Appellant.

### Gen. No. 19,907.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed November 19, 1914.

### Statement of the Case.

Action by Carrie M. Herr against Chicago, Rock Island & Pacific Railway Company for injuries received by a fall upon an alleged slippery platform while getting off of one of defendant's suburban trains. From a judgment for two thousand dollars in favor of plaintiff, defendant appeals.

Plaintiff testified positively that she boarded the train at 63rd street; that she entered by the front door of the car and took a seat at the rear; that after the train reached its destination she went to the rear platform to get off the car; that there was a strip of ice six inches long and five inches wide frozen to the wood, located about a foot from the edge of the step, and that just as she turned to go down from the platform she stepped on it and slipped; that she had not seen it prior to that time; that when thrown to the station platform her feet went out first; that just after she fell she was assisted by a man who came along;