**SPARKS v. CHICAGO & E. I. R. CO.**

**No. 488.**

District Court, E. D. Illinois.

Jan. 31, 1942.

N. I. Glenn, of Benton, Ill., for plaintiff.

K. L. Richmond, of Chicago, Ill., and Moses Pulverman, of Benton, Ill., for defendant.

WHAM, District Judge.

Defendant is a common carrier against whom plaintiff brings suit for damages arising from injuries received while riding as a passenger on one of defendant's trains. Defendant has filed its motion to dismiss the complaint on the ground that it does not state a claim upon which relief can be granted and in the alternative a motion to require plaintiff to furnish a more definite statement of her claim.

The complaint alleges in substance that the defendant, a common carrier, undertook for hire to carry plaintiff, a passenger, "safely and securely" to her destination, but failed to do so; that defendant so negligently and unskillfully conducted itself in managing its railroad and the train within which plaintiff was being carried that said train came into violent collision with a motortruck at a street crossing in Benton, Illinois, causing serious injuries to plaintiff

When plaintiff sought to state her claim against defendant by alleging a duty owed by defendant to plaintiff and a failure on the part of defendant to perform that duty it became incumbent upon her to state the duty or undertaking of defendant with precision. This plaintiff has failed to do.

It has long been the settled law of Illinois that while a common carrier of passengers for hire is duty bound to exercise the highest degree of care to secure safety of a passenger reasonably consistent with the character of the mode of conveyance the carrier is not an insurer of the safety of the passenger. Chicago City Ry. Co. v. Shreve, 226 Ill. 530, 80 N.E. 1049; Coulter v. Illinois C. R. R. Co., 264 Ill. 414, 106 N.E. 258; Payne v. Cohlmeyer, 7 Cir., 275 F. 803; Chicago & A. R. R. Co. v. Byrum, 153 Ill. 131, 38 N.E. 578; North Chicago St. R. R. Co. v. Polkey, 203 Ill. 225, 67 N.E. 793.

As the complaint now reads, though defendant is charged with general negligence resulting in plaintiff's injury, the duty and the measure of responsibility imposed upon defendant by the language of the complaint is that of an insurer. The complaint, so drawn, cannot be permitted to stand.

Since an amended complaint must be filed if plaintiff wishes to pursue her remedy, attention is directed to another defect in the complaint. Under the substantive law of Illinois the carrier is liable to plaintiff for injuries resulting from its failure to exercise the care for her safety required by law only if plaintiff was free from contributory negligence which proximately caused or contributed to cause her own injury. Such being the substantive law of Illinois, an allegation that plaintiff at the time of and immediately before her alleged injury was in exercise of ordinary care for her own safety is an essential part of the statement of a claim in a complaint upon which relief can be granted. Francis v. Humphrey, D.C., 25 F.Supp. 1; Fort Dodge Hotel Co. v. Bartelt, 8 Cir., 119 F.2d 253; Holtzoff's New Federal Procedure and the Courts, pages 29–32.

The complaint is dismissed, with leave to file an amended complaint within ten days from this date.